UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

INDICTMENT FOR CONSPIRACY TO STEAL TRADE SECRETS, ATTEMPTING TO STEAL TRADE SECRETS, CONSPIRACY TO COMMIT COMPUTER FRAUD AND ABUSE, COMMITTING COMPUTER FRAUD AND ABUSE, AND NOTICE OF FORFEITURE

U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
FILED MAY 29 2019
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA : | CRIMINAL NO. 19-61-SDD-EWD |
| : | |
| : | 18 U.S.C. § 1832(a)(5) |
| *versus* : | 18 U.S.C. § 1832(a)(4) |
| : | 18 U.S.C. § 1030(b) |
| : | 18 U.S.C. § 1030(a)(2)(C) |
| EHAB MESELHE and : | 18 U.S.C. § 1834 |
| KELIN HU : | 18 U.S.C. §§ 1030(i), (j) |

**THE GRAND JURY CHARGES:**

**GENERAL ALLEGATIONS**

At times relevant to this Indictment:

1. **EHAB MESELHE ("MESELHE")**, a defendant herein and a citizen of the United States living in Lafayette and New Orleans, Louisiana, was an environmental scientist and civil engineer at the Water Institute of the Gulf working with scientists knowledgeable in computer programming and modeling.

2. **KELIN HU ("HU")**, a defendant herein, a citizen of China, and a lawful permanent resident of the United States living in Baton Rouge, Louisiana, was a computer scientist working at the Water Institute of the Gulf with expertise in computer programming and modeling and with access to underlying software codes.

USA Sealed group
USM
USPO

3. The Water Institute of the Gulf ("Water Institute") was an applied research institution in Baton Rouge, Louisiana, that studied land subsidence, storms, rising sea levels, and other coastal threats, and how to mitigate their negative impact on coastal communities and the natural environment.

4. The Water Institute used sophisticated computer programs and models, real-time forecasting methods, and other scientific tools to assist governments, communities, businesses, and public interest groups in formulating water management, coastal preservation and reclamation, and water threat abatement strategies.

5. Of special importance to the Water Institute was a hydrosimulation computer program called the Basin Wide Model, which had been developed at the Water Institute over many years and at significant cost, and which contained unique computer inputs, codes, files, and post-processing scripts used to run the Basin Wide Model.

6. The Basin Wide Model was a highly sensitive, proprietary, and valuable trade secret of the Water Institute because it could project how the natural environment of the Mississippi Delta would change over time, and its protection was essential to maintaining the Water Institute's competitiveness for consulting contracts worth millions of dollars.

7. One consulting contract of the Water Institute was with the Environmental Defense Fund ("EDF"), such that if a competitor copied the Water Institute's computer files showing how the Basin Wide Model worked on that project, then the Water Institute would lose its trade secret and a competitive edge to win other such contracts.

8. Both **MESELHE** and **HU** signed a Proprietary Information and Intellectual Property Agreement when they joined the Water Institute acknowledging that computer

programs like the Basin Wide Model were valuable trade secrets of the Water Institute and that they were not to be shared with outside individuals, entities, or competitors.

9.  **MESELHE** worked at the Water Institute until October 31, 2018, and **HU** worked there until January 11, 2019, after which they each joined another water research institution in Louisiana, which like the Water Institute engaged in paid environmental consulting work.

## COUNT ONE
## CONSPIRACY TO STEAL
## TRADE SECRETS – 18 U.S.C. § 1832(a)(5)

10.  Paragraphs 1 through 9 of this Indictment are incorporated herein by reference as factual allegations.

**The Scheme:**

11.  From in or about October 2018 through on or about January 11, 2019, in the Middle District of Louisiana and elsewhere, **EHAB MESELHE** and **KELIN HU**, the defendants herein, with intent to convert a trade secret, did conspire and agree to:

   a.  knowingly steal, and without proper authorization take, carry away, and conceal, and by fraud, artifice, and deception obtain such information; and

   b.  knowingly and without proper authorization copy, duplicate, download, upload, replicate, transmit, deliver, and convey such information,

that is, the Basin Wide Model of the Water Institute of the Gulf, such trade secret having been related to and included in a product intended for use in interstate commerce, to the economic benefit of someone other than the owner thereof, while intending and knowing that the offense would injure the owner of that trade secret, namely, the Water Institute of the Gulf, in

violation of Title 18, United States Code, Sections 1832(a)(1) and 1832(a)(2).

**Purpose of the Scheme:**

12. The purpose of **MESELHE** and **HU**'s scheme was to steal and otherwise misappropriate a trade secret, that is, the Basin Wide Model, and to use this trade secret for the economic benefit of **MESELHE, HU**, and the other water research institution, and to the detriment of the Water Institute of the Gulf.

**Manner and Means:**

13. In furtherance of the scheme and to accomplish the purpose of the scheme, **MESELHE** and **HU** used the following manner and means to commit, and to cause to be committed, the following acts, among others, in the Middle District of Louisiana and elsewhere, as described in the following paragraphs.

14. **MESELHE** and **HU** would seek to obtain copies of the Basin Wide Model and related computer inputs, codes, files, and post-processing scripts, all of which were included in the Water Institute's computer files on the EDF project.

15. **MESELHE** would secure an appointment for **HU** at the other water research institution, which was to be announced only after **HU** had downloaded the computer files of the Water Institute on the EDF project.

16. **MESELHE** would instruct **HU** about which EDF computer files to copy, when to copy them in relation to when **HU** would resign from the Water Institute, and how to communicate with **MESELHE** via personal Google Message and email so as to avoid detection by the Water Institute.

17. **HU** would attempt to download the computer files of the Water Institute on the

EDF project, as **MESELHE** had instructed, to personal computer devices **HU** had brought into his office, without permission from the Water Institute.

**Acts in Execution of the Scheme:**

18. In order to execute and attempt to execute the scheme, and to accomplish the purposes of the scheme, **MESELHE** and **HU** committed and caused others to commit the following acts, among others, in the Middle District of Louisiana and elsewhere, as described in the following paragraphs.

19. On or about November 12, 2018, while a professor at the other water research institution, **MESELHE** sent a Google Message to **HU** about joining him on staff there and informing **HU** that he had been approved to start work there in January 2019.

20. On or about November 21, 2018, **MESELHE** sent a Google Message to **HU** instructing **HU** to "[a]void sending me any private emails" from his Water Institute account because "they are monitoring everything," and to "[t]ext me or email me from your gmail or yahoo accounts…"

21. On or about November 21, 2018, **HU** sent a Google Message responding to **MESELHE**'s instructions about not using Water Institute email in which **HU** wrote, "Got that! Thanks."

22. On or about December 11, 2018, **MESELHE** sent a Google Message to **HU** instructing **HU** to "make a full copy of the entire EDF project folder to an external hard drive BEFORE you resign" from the Water Institute and to "include the code itself, the post processing scripts and everything also."

23. On or about December 11, 2018, **HU** sent a Google Message responding to

5

**MESELHE**'s instructions about copying the full EDF project in which **HU** wrote, "Yes, I will do those."

24. On or about December 13, 2018, **MESELHE** sent an email titled "suggested plan" to **HU** stating that he should quit the Water Institute on January 16, 2019, adding that **HU** would start work at the other water research institution on February 1, 2019, and reiterating that **HU** should finish the EDF project and "back up everything before you leave or even before you submit your resignation."

25. On or about December 13, 2018, **HU** sent an email responding to **MESELHE**'s "suggested plan" in which **HU** wrote, "I'm totally fine with the plan."

26. On or about January 11, 2018, **HU** was involved in downloading the complete EDF file, including the Basin Wide Model and related computer inputs, codes, files, and post-processing scripts, to personal computer devices when he was caught in the act, fired, and escorted from the premises.

The above is a violation of Title 18, United States Code, Section 1832(a)(5).

## COUNT TWO
## ATTEMPTING TO STEAL
## TRADE SECRETS – 18 U.S.C. § 1832(a)(4)

27. Paragraphs 1 through 26 of this Indictment are incorporated herein by reference as factual allegations.

28. From in or about October 2018 through on or about January 11, 2019, in the Middle District of Louisiana and elsewhere, **EHAB MESELHE** and **KELIN HU**, the defendants herein, with intent to convert a trade secret, did attempt to:

    a. knowingly steal, and without proper authorization take, carry away, and

conceal, and by fraud, artifice, and deception obtain such information; and

      b.    knowingly and without proper authorization copy, duplicate, download, upload, replicate, transmit, deliver, and convey such information,

that is, the Basin Wide Model of the Water Institute of the Gulf, such trade secret having been related to and included in a product intended for use in interstate commerce, to the economic benefit of someone other than the owner thereof, while intending and knowing that the offense would injure the owner of that trade secret, namely, the Water Institute of the Gulf.

The above is a violation of Title 18, United States Code, Sections 1832(a)(1), 1832(a)(2), and 1832(a)(4).

## COUNT THREE
## CONSPIRACY TO COMMIT COMPUTER FRAUD AND ABUSE – 18 U.S.C. § 1030(b)

29.    Paragraphs 1 through 28 of this Indictment are incorporated herein by reference as factual allegations.

30.    From in or about October 2018 through on or about January 11, 2019, in the Middle District of Louisiana and elsewhere, **EHAB MESELHE** and **KELIN HU**, the defendants herein, did knowingly and willfully conspire and agree to commit computer fraud and abuse, that is, to exceed authorized access to a protected computer, and thereby obtain information from a protected computer, that is, the Basin Wide Model of the Water Institute of the Gulf.

31.    It is further alleged that the offense was committed for the purpose of commercial advantage and private financial gain, that the offense was committed in

furtherance of a criminal act in violation of the laws of the United States, that is, Theft of Trade Secrets, in violation of 18 U.S.C. § 1832, and that the value of the information did, and would if the offense were completed, exceed $5,000.

The above is a violation of Title 18, United States Code, Sections 1030(a)(2)(C), 1030(b), 1030(c)(2)(B)(i), 1030(c)(2)(B)(ii), and 1030(c)(2)(B)(iii).

## COUNT FOUR
## COMMITTING COMPUTER FRAUD
## AND ABUSE – 18 U.S.C. § 1030(a)(2)(C)

32. Paragraphs 1 through 31 of this Indictment are incorporated herein by reference as factual allegations.

33. On or about January 11, 2019, in the Middle District of Louisiana, **KELIN HU**, a defendant herein, did commit computer fraud and abuse, that is, intentionally exceeded authorized access to a protected computer, and thereby did obtain information from a protected computer, that is, the Basin Wide Model of the Water Institute of the Gulf.

34. It is further alleged that the offense was committed for the purpose of commercial advantage and private financial gain, that the offense was committed in furtherance of a criminal act in violation of the laws of the United States, that is, Theft of Trade Secrets, in violation of 18 U.S.C. § 1832, and that the value of the information did exceed $5,000.

The above is a violation of Title 18, United States Code, Sections 1030(a)(2)(C), 1030(c)(2)(B)(i), 1030(c)(2)(B)(ii), and 1030(c)(2)(B)(iii).

## **NOTICE OF FORFEITURE**

35. Paragraphs 1 through 34 of this Indictment are incorporated herein by reference.

36. Upon conviction of an offense alleged in Counts One and Two of this Indictment, **EHAB MESELHE** and **KELIN HU** shall forfeit to the United States pursuant to 18 U.S.C. §§ 1834 and 2323 and in accordance with the provisions of 21 U.S.C. § 853, all property, real and personal, that constitutes or is derived from proceeds the defendants obtained directly or indirectly as a result of the violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation.

37. Upon conviction of an offense alleged in Counts Three and Four of this Indictment, **EHAB MESELHE** and **KELIN HU** shall forfeit to the United States pursuant to 18 U.S.C. §§ 1030(i) and 1030(j) and in accordance with the provisions of 21 U.S.C. § 853, all personal property used or intended to be used to commit such violations and all property, real and personal, that constitutes or is derived from proceeds traceable to such violations.

38. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

e.  has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

UNITED STATES OF AMERICA, by

BRANDON J. FREMIN
UNITED STATES ATTORNEY
MIDDLE DISTRICT OF LOUISIANA

BRIAN K. FRAZIER
ASSISTANT U.S. ATTORNEY

A TRUE BILL

**REDACTED
PER PRIVACY ACT**

GRAND JURY FOREPERSON

5-29-2019
DATE

## Criminal Cover Sheet     U.S. District Court

**Place of Offense:**

City     Baton Rouge

County/Parish     East Baton Rouge

Matter to be sealed: \_\_\_\_ No   X   Yes

**Related Case Information:**

Superseding Indictment \_\_\_\_\_ Docket Number _____
Same Defendant \_\_\_\_\_        New Defendant X _____
Magistrate Case Number _____
Search Warrant Case No. _____
R 20/ R 40 from District of _____
Any Other Related Cases: _____

**Defendant Information:**

Defendant Name:     Kelin Hu

**U.S. Attorney Information:**

AUSA:   Brian K. Frazier       Bar #:   TNBN 016691

Interpreter:   X   No      \_\_\_ Yes     List language and/or dialect:

**Location Status:**

Arrest Date _____
_____ Already in Federal Custody as of
_____ Already in State Custody
_____ On Pretrial Release

**U.S.C. Citations:**

Total # of Counts:     4

| Index Key/Code | Description of Offense Charged | Count(s) | Petty/Misdemeanor/Felony |
|---|---|---|---|
| 18:1832(a)(5) | Conspiracy to steal trade secrets | 1 | F |
| 18:1832(a)(4) | Attempting to steal trade secrets | 2 | F |
| 18: 1030(b) | Conspiracy to commit computer fraud and abuse | 3 | F |
| 18: 1030(a)(2)(C) | Committing computer fraud and abuse | 4 | F |

(May be continued on second sheet)

Date:   5/29/2019      Signature of AUSA: _[signature]_

District Court Case Number (To be filled in by deputy clerk): _____

**Criminal Cover Sheet     U.S. District Court**

**Place of Offense:**                    Matter to be sealed: _____ No  __X__ Yes

City            Baton Rouge              **Related Case Information:**

County/Parish   East Baton Rouge         Superseding Indictment _____ Docket Number _____
                                         Same Defendant _____       New Defendant  X
                                         Magistrate Case Number _____
                                         Search Warrant Case No. _____
                                         R 20/ R 40 from District of _____
                                         **Any Other Related Cases:** _____

**Defendant Information:**

Defendant Name:      Ehab Meselhe


**U.S. Attorney Information:**

AUSA:  Brian K. Frazier           Bar #:   TNBN 016691

**Interpreter:**  __X__ No     ____ Yes     **List language and/or dialect:**

**Location Status:**

Arrest Date    _____
_____  Already in Federal Custody as of
_____  Already in State Custody
_____  On Pretrial Release

**U.S.C. Citations:**

Total # of Counts:    __3__

| Index Key/Code | Description of Offense Charged | Count(s) | Petty/Misdemeanor/Felony |
|---|---|---|---|
| 18:1832(a)(5) | Conspiracy to steal trade secrets | 1 | F |
| 18:1832(a)(4) | Attempting to steal trade secrets | 2 | F |
| 18: 1030(b) | Conspiracy to commit computer fraud and abuse | 3 | F |

(May be continued on second sheet)

**Date:** _____   **Signature of AUSA:** _____

**District Court Case Number (To be filled in by deputy clerk):** _____